IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JEFFRY C.[1]**,<br><br>        Plaintiff,<br><br>    v.<br><br>**MARTIN O'MALLEY,** Commissioner of Social Security,<br><br>        Defendant. | Case No. 3:23-cv-445-SI<br><br>**OPINION AND ORDER** |

Katherine L. Eitenmiller and Brent Wells, 474 Willamette Street Eugene, OR 97401. Of Attorneys for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin Danielson, Executive Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Gabriel Bono, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Jeffry C. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's application for disability insurance benefits (DIB). The administrative law judge (ALJ) found Plaintiff disabled as of the

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

date of his application for supplemental security income (SSI). Plaintiff contends that he was disabled earlier, during the period he was covered by insurance for purposes of DIB. The Commissioner concedes error and remand, but the parties disagree over whether further proceedings are necessary. For the reasons stated below, the Court remands for a finding of disability as of May 4, 2014, the alleged onset date, and the payment of benefits.

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner in this case. The district court must affirm the ALJ's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence means more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the ALJ's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the ALJ. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the ALJ on a ground upon which the ALJ did not rely. *Id.*; *see also Bray*, 554 F.3d at 1225-26.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff applied for DIB and SSI on May 29, 2015, alleging a disability onset date of May 4, 2014. AR 78, 95. Plaintiff's date of birth is November 10, 1970, and he was 43 years old as of the alleged disability onset date. AR 78. The agency denied Plaintiff's claims both initially and upon reconsideration, and Plaintiff requested a hearing. AR 93, 113, 134, 155, 180. Plaintiff initially appeared for a hearing before ALJ John Sullivan on December 4, 2017. AR 45. On March 29, 2018, the ALJ issued a decision denying Plaintiff's claim for benefits. AR 18-37. This decision was remanded by the U.S. District Court Judge Marco Hernandez in October 2021. *Jeffry C. v. Comm'r, Soc. Sec. Admin.*, 2021 WL 4227042, at *10 (D. Or. Sept. 16, 2021). Judge Hernandez found that the ALJ failed to articulate legally sufficient reasons for rejecting the medical opinion of Dr. Ernest Fung, PsyD. *Id.*

On remand, ALJ Allen Eriksen held a new administrative telephonic hearing on October 5, 2022. AR 1236. The ALJ issued a decision on November 30, 2022. AR 1205-23. The ALJ found that Plaintiff met the insured status requirements under the Act through March 31, 2015. AR 1208. The ALJ separately analyzed Plaintiff's DIB claim and SSI claim. AR 1210-19. The ALJ issued a partially favorable decision, finding that Plaintiff was disabled as of the date of Plaintiff's SSI claim (May 29, 2015), but that the evidence did not support that he was disabled before his date last insured (March 31, 2015). AR 1218-21. Plaintiff now seeks judicial review of the November 2022 decision.[2]

---

[2] The record does not contain any exceptions filed to the Appeals Council or other evidence that the Appeals Council assumed jurisdiction, and thus the Court has jurisdiction to review the ALJ's decision. *See* 20 C.F.R. § 404.984(d).

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months . . . . ." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are:

> (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25. Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the analysis continues beyond step three, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC).

The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform

other work existing in significant numbers in the national economy, the claimant is not disabled. *See Tackett*, 180 F.3d at 1099; *Bustamante*, 262 F.3d at 954.

**C. The ALJ's Decision**

As a preliminary step to Plaintiff's DIB claim, the ALJ found that Plaintiff met the insured status through March 31, 2015. AR 1208. At step one of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of May 4, 2014. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine (status post spinal surgeries), history of traumatic brain injury with encephalomalacia, major depressive disorder, generalized anxiety disorder, and attention-deficit/hyperactivity disorder (ADHD). *Id.* The ALJ then separated his analysis between Plaintiff's DIB and SSI claims.

For Plaintiff's DIB claim, the ALJ determined that from the alleged onset date of May 4, 2014, to the date last insured of March 31, 2015, none of Plaintiff's impairments, either individually or in combination, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 1209. The ALJ then evaluated Plaintiff's RFC before May 29, 2015, and "in particular, as of the date last insured, March 31, 2015." AR 1211. The ALJ focused heavily on the lack of treatment records "during the period May 4, 2014 to March 31, 2015." AR 1212.

The ALJ found that Plaintiff could perform light work as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> [Plaintiff] could occasionally climb ladders, ropes, or scaffolds. [Plaintiff] could occasionally crawl. [Plaintiff] could occasionally reach overhead bilaterally. [Plaintiff] could have occasional exposure to vibration and extreme cold temperatures. [Plaintiff] could understand, remember, and apply short, simple, instructions while performing routine, predictable tasks. [Plaintiff] could not work in a fast-paced type of environment. [Plaintiff] could make

> only simple decisions. [Plaintiff] could be exposed to occasional, routine workplace changes. [Plaintiff] could have only occasional interaction with the general public.

AR 1210-11.

At step four, the ALJ determined that Plaintiff was not capable of performing his past relevant work as a tower erector helper. AR 1219. At step five, relying on testimony of a vocational expert, and considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform jobs that exist in significant numbers in the national economy prior to May 29, 2015. AR 1219-20. These jobs included housekeeper (220,000 jobs in the national economy), marker (129,000 jobs in the national economy), and routing clerk (104,000 jobs in the national economy). AR 1220. Accordingly, the ALJ concluded that based on the application for DIB filed on May 29, 2015, Plaintiff was not disabled from his alleged onset date of May 4, 2014 through March 31, 2015, the date last insured. AR 1221.

For Plaintiff's SSI claim, the ALJ found that the evidence showed "significant worsening" of Plaintiff's condition. AR 1213. The ALJ reached a more restrictive RFC. *Id.* The ALJ concluded that Plaintiff had been disabled since his application date of May 29, 2015. AR 1221.

## DISCUSSION

Plaintiff asserts that the ALJ erred by (1) discounting the medical expert opinions of Jeff Hansen, M.D., and Jay Toews, Ed.D.; and (2) discounting the examining medical opinion of Dr. Ernest Fung, PsyD. The Commissioner concedes that the ALJ erred in evaluating the medical expert opinions of Drs. Hansen and Toews but not does not expressly concede error with the ALJ's evaluation of Dr. Fung. The Commissioner instead argues that this case should be remanded for further proceedings and then Dr. Fung's opinions could properly be evaluated.

Plaintiff contends that under the Ninth Circuit's established credit-as-true test for remand, this case should be remanded for benefits.

**A.  Standards for Remand**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

## B. Analysis

Plaintiff argues that the Court should remand for the calculation and payment of benefits and that further proceedings would not serve a useful purpose. Plaintiff asserts that upon the first remand, the ALJ already further developed the record to determine Plaintiff's disability onset date. Specifically, the ALJ called two medical experts to testify at the remand hearing, Drs. Hansen and Toews. Dr. Toews testified that Plaintiff met Listings 12.04, 12.06, and 12.07 as of his alleged onset date of May 4, 2014. AR 1254-55. Dr. Hansen testified that Plaintiff met Listing 1.15 as of "late 2010" and "early 2011," AR 1258, Listing 11.08 as of the alleged onset date, AR 1261, and Listing 1.16 as of 2016, *id.*

The ALJ gave these expert opinions "limited weight," AR 1215-16, and found that Plaintiff was not disabled until May 29, 2015, his application date, AR 1221. Regarding the listings, the ALJ only evaluated whether Plaintiff met or equaled psychological listings and not any physical listings as opined by Dr. Hansen. AR 1209-10. In assessing Dr. Hansen's testimony, the ALJ did note Dr. Hansen's opinion that Plaintiff met Listing 1.16, AR 1216, but did not consider whether Plaintiff met Listings 1.15 or 11.08 or Dr. Hansen's opinions to that effect.[3] Regarding the listings involving mental health impairments, the ALJ considered Listings 12.04 and 12.06, but not 12.07. AR 1209. But in assessing Dr. Toews's opinion, the ALJ only addressed Listing 12.06. AR 1215-16. As noted, the Commissioner concedes that the ALJ erred in his evaluation of these medical experts' opinions.

---

[3] There was confusion during the hearing regarding the proper listing numbers. Dr. Hansen testified that Plaintiff met Listings 1.15 and 11.08 in the earlier time frame and Listing 1.16 as of 2016. After the latter testimony, the ALJ commented "remember, now we're using the old listing" and stated that "believe me, I'll make sure we use the right listing." AR 1262. The ALJ, however, only analyzed Listing 1.16.

Evaluating remand for further proceedings versus remand for benefits turns in this case on whether there is sufficient evidence in the record to establish an onset date of before March 31, 2015, Plaintiff's date last insured. If so, the Court should remand for the calculation and payment of benefits based on Plaintiff's DIB application. The dispositive issue here is the testimony of the medical experts regarding the listings.

Dr. Hansen testified that Plaintiff met the requirements of Listing 1.15 and Listing 11.08. AR 1258, 1261. To support his conclusions, Dr. Hansen noted Plaintiff's "quite profound" musculoskeletal issues, with cervical and lumbar spine conditions that "ultimately bec[a]me so severe with disc herniation that he became effectively a quadriplegic or nearly quadriplegic in 2015." AR 1257. Dr. Hansen testified as of "late 2010 and . . . early 2011 [Plaintiff] has all neurologic findings, all brain and graphic findings to meet Listing 1.15 with respect to nerve root impingement." AR 1258. Regarding Listing 11.08, Dr. Hansen described Plaintiff's early spinal and cervical surgical procedures and how he never recovered much functionality in his arms, even though he had a later surgery that allowed some use of his hands. AR 1259-61.

With respect to Plaintiff's mental impairments, Dr. Toews opined that Plaintiff met Listings 12.04, 12.06, and 12.07 in combination as of his alleged onset date. AR 1254. When discounting Dr. Toews' opinion, the ALJ only provided an explanation for discounting Listing 12.06. The ALJ also reasoned that Dr. Toews's opinion was unpersuasive because there was no medical evidence of treatment during the relevant Title II period, from the alleged onset date of May 4, 2014, to the date last insured of March 31, 2015. AR 1215-16.

The Court is not persuaded by the ALJ's reasoning that the medical expert opinions should be discounted based on a lack of medical evidence from May 4, 2014, to March 31, 2015. "[W]here there are large gaps in the medical records documenting a slowly progressive

PAGE 9 - OPINION AND ORDER

impairment . . . an ALJ's assessment of the disability onset date would be mere speculation without the aid of a medical expert." *See Diedrich v. Berryhill*, 874 F.3d 634, 639 (9th Cir. 2017). Relying on SSR 83-20, courts have held that where a record is lacking and ambiguous as to the onset date of disability, "the ALJ must call a medical expert to assist in determining the onset date." *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998). With testimony from a medical advisor, an ALJ can "exercise an informed judgment based on medical science." *Diedrich*, 874 F.3d at 640.

The ALJ's determination that Plaintiff's was disabled as of May 29, 2015, the date of his application, is not supported by substantial evidence and was based on mere speculation. Additionally, after remand from the District Court, the ALJ called medical experts to assist in determining the onset date. Thus, there is no need for further development of the record because that development has taken place. The medical experts did their part and testified that Plaintiff was disabled at least by his alleged onset date. There also are no conflicts or ambiguities in the record to resolve when considering Dr. Hansen's testimony about the disabling effects of Plaintiff's physical impairments, and thus the Court need not further consider the ALJ's error with Dr. Toews's testimony about Plaintiff's mental impairments to complete the credit-as-true analysis.

Dr. Hansen first opined that Plaintiff met Listing 1.15 in late 2010 or early 2011. Dr. Hansen also emphasized that based on the medical record there was "absolutely no question in [his] mind" that Plaintiff met a listing during the adjudicatory period. AR 1261-62. Furthermore, Plaintiff's medical records document debilitating physical impairments well before his alleged onset date. Dr. Hansen even testified that Plaintiff had "quite profound" musculoskeletal issues and cited an MRI from 2008 that showed "pretty severe disc disease at

C4, 5, with severe bilateral neuroforaminal narrowing in his C7, T1, severe on the left and moderate on the right." AR 1257. Dr. Hansen further opined that Plaintiff "never recovered" through the adjudicatory period. AR 1259; *see, e.g.*, AR 414, 432, 677, 1118, 1559, 1639. The record is unambiguous that Plaintiff was disabled *at least* by his alleged onset date of May 4, 2014.

Because there is no need for further development and are no conflicts or ambiguities, the Court credits as true the testimony of Dr. Hansen. Accepting his testimony that Plaintiff meets a listing at least by the alleged onset date of May 4, 2014, a finding of disability is necessarily directed.

The Commissioner argues that a remand for further proceedings is the appropriate remedy. The Commissioner does not offer specific arguments or point to evidence in the record showing that the record needs further development. Nor does the Commissioner assert any specific conflict or ambiguity in the record or otherwise explain why further proceedings would be useful in this case. The Commissioner instead generally asserts that remand for further proceedings is the ordinary remedy and remand for benefits applies only in rare circumstances. The Commissioner offers no compelling argument, however, why this case is not one of those rare circumstances. The Commissioner also notes the unremarkable proposition that even if all the elements of the credit-as-true test are met, a district court retains discretion to remand for further proceedings if the record as a whole raises serious doubts about whether a claimant is in fact disabled. The Commissioner, however, does not point to any evidence in the record that creates serious doubt about whether Plaintiff is disabled.

This is one of the rare cases in which a remand for benefits is warranted. The record requires no further development and there are no conflicts or ambiguities remaining for

adjudication. Accepting the testimony of the medical expert, Dr. Hansen, that Plaintiff's physical impairments meet Listing 1.15 or 11.08 at least by his alleged onset date, counsels a finding that Plaintiff is disabled as of May 4, 2014. Looking at the record as a whole, the Court finds no serious doubt precluding a remand for benefits.

## CONCLUSION

The Court REVERSES the Commissioner's decision that Plaintiff was not disabled and REMANDS for an immediate calculation and payment of benefits.

**IT IS SO ORDERED**.

DATED this 23rd day of September, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge